RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1208-MR

RALPH JOHNSON                                                                  APPELLANT

v.      APPEAL FROM RUSSELL CIRCUIT COURT
        HONORABLE VERNON MINIARD, JR., JUDGE
        ACTION NO. 16-CI-00287

DISCOVER BANK                                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

ACREE, JUDGE: Appellant, Ralph Johnson, appeals the Russell Circuit Court's

September 14, 2022 Order granting summary judgment for Appellee, Discover

Bank (Discover), on Appellant's counterclaim in the underlying action. We

affirm.

Discover filed suit against Appellant for credit card debt, alleging he

owed Discover $26,026.02. Appellant disputes ever creating the debt. He states in

his brief he worked as the personal dentist and doctor for King Abdullah bin

Abdulaziz Al Saud, former King of Saudi Arabia, which required him to live in Saudi Arabia for a period of years. Appellant states Discover demanded payment of this debt upon his return to the United States.

Discover's one-page complaint simply asserts Appellant owes Discover $26,026.02, that venue is proper, and requests the amount of the debt and costs associated with the action. Appellant then filed his counterclaim, alleging Discover engaged in illegal debt collection practices.

Appellant argues the only proof in this case is his answers to Discover's second set of interrogatories, wherein Appellant states he never authorized or agreed to the charges at issue and that Discover has not offered proof to rebut this assertion. These answers to interrogatories also assert Discover's actions were violations of the "Unfair Debt Collection Statute" – presumably, the Fair Debt Collection Practices Act, 15 U.S.C.[1] § 1692 *et seq.* (FDCPA) – and that Appellant has suffered financial loss and other harm as a result.

Discover moved for summary judgment both on its claim against Appellant and on Appellant's counterclaim. Appellant moved to dismiss the action. The circuit court denied both motions as premature. Appellant then filed an amended answer and counterclaim. Discover moved for partial summary judgment, arguing Appellant had not asserted a viable claim under the FDCPA.

---

[1] United States Code.

The circuit court agreed and dismissed Appellant's FDCPA counterclaim with prejudice. Appellant now appeals the dismissal of his counterclaim.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Therefore, summary judgment is appropriate "where the movant shows that the adverse party could not prevail under any circumstances." *Id*. Appellate courts review a trial court's grant of summary judgment *de novo*. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

The circuit court's order granting partial summary judgment simply grants Discover's motion without making any findings of fact or conclusions of law. Appellant argues the circuit court violated CR 52 as a result. Relatedly, Appellant argues that, because counsel for Discover drafted and tendered the order, the circuit court "abdicated its duty" to make findings of fact or conclusions of law. The statement concerning oral argument in Appellant's brief goes so far as to

---

[2] Kentucky Rules of Civil Procedure.

describe this alleged error as "blatant," "elementary," and "so simple that an oral argument should not be necessary." (Appellant's Brief at ii.)

Appellant partially quotes CR 52.01 as follows:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment; and in granting or refusing temporary injunctions or permanent injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action . . . . [*Sic*.]

(Appellant's Brief at 5) (quoting CR 52.01). Appellant's appellate counsel seemingly believes the ellipsis at the end of this partial quotation can somehow eliminate from this Court's consideration portions of the rule that defeat his argument *in toto*. That is not how an ellipsis works.

As counsel for Appellant is certainly aware, the part of CR 52.01 he replaces with an ellipsis addresses its relationship with CR 56, the rule upon which the judgment under review is based. It says, "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41.02." CR 52.01. Our civil rules plainly do not require decisions on summary judgment motions to have findings of fact and conclusions of law.

Appellant also argues that genuine issues of material fact exist such that Discover was not entitled to a judgment as a matter of law on Appellant's

counterclaim. However, Discover is not a debt collector as contemplated by the FDCPA and is thus excluded from its applicability. "Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act." *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998); *see also Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The statute does not apply to persons or businesses collecting debts on their own behalf."). Any issue of fact – genuine or otherwise – regarding Appellant's alleged debt to Discover is therefore immaterial to Appellant's asserted counterclaim under the FDCPA.

Because the circuit court was not required to include findings of fact and conclusions of law in its summary judgment order, and because Appellant's debt to Discover falls beyond the scope of the FDCPA, we affirm the circuit court's September 14, 2022 order.

ALL CONCUR.

BRIEF FOR APPELLANT:

Derrick G. Helm
Jamestown, Kentucky

BRIEF FOR APPELLEE:

W. Scott Stinnett
Louisville, Kentucky

-5-